**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(Southern Division)**

| | |
|---|---|
| JOSEPH J. GOMEZ, on behalf of himself ) <br> and all others similarly situated, ) <br> 1000 Broadmore Circle ) <br> Silver Springs, MD 20904 ) <br> ) <br>               Plaintiff, ) <br>    v. ) <br> ) <br> KROLL FACTUAL DATA, INC. ) <br> 5200 Hahns Peak Drive, ) <br> Loveland, CO 80538 ) <br> ) <br>               Defendant. ) <br> ) | Civil Action No. _____ |

# COMPLAINT – CLASS ACTION

## PRELIMINARY STATEMENT

1. This is a consumer class action based upon Defendant Kroll Factual Data Inc.'s ("Kroll" or "Defendant") violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x ("FCRA"). Defendant sells consumer reports that are purported to identify whether a given consumer is included in the Office of Foreign Assets Control, Specifically Designated National and Blocked Persons ("OFAC") list. Defendant fails to maintain and follow reasonable procedures to assure the maximum possible accuracy of that information in its consumer reports about a given consumer's inclusion on the OFAC list before it sells such a report to any third party. It therefore routinely misidentifies innocent Americans, such as Plaintiff, as terrorists, narcotics traffickers, money launderers and other enemies of the United States who are actually on the OFAC list.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Jose Gomez is an adult individual who resides in Silver Springs, Maryland.

5. Defendant Kroll Factual Data, Inc. ("Kroll") is a consumer reporting agency that regularly conducts business in the District of Maryland and which has a principal place of business located at 5200 Hahns Peak Drive, Loveland, CO 80538.

## FACTUAL ALLEGATIONS

**A.  Defendant Fails To Report Consumer Information Accurately**

6. Defendant is the type of consumer reporting agency ("CRA") commonly referred to as a "reseller."

7. Defendant sells consumer reports (commonly called "credit reports") about millions of consumers annually.

8. Defendant is regulated by the FCRA.

9. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

10. In furtherance of that goal, the FCRA mandates that each CRA follow reasonable procedures to assure the maximum possible accuracy of all information in each consumer's file and report. 15 U.S.C. § 1681e(b).

11. An OFAC alert is a notation on a consumer credit report signifying that the subject of the report is purportedly included in the list of the Office of Foreign Assets Control, Specifically Designated National and Blocked Persons, which includes terrorists, money launderers and narcotics traffickers.

12. OFAC information is subject to the FCRA's maximum possible accuracy standard: "OFAC information included in a consumer report and sold about a consumer falls within the purview of the FCRA, and the 'maximum possible accuracy standard.'" *Cortez*, 617 F.3d at 710.

13. Defendant sells OFAC information as part of its consumer reports.

14. Defendant has developed a product and/or service called "TruAlert" which it promotes as reliable and accurate.

15. TruAlert is embedded within and is one of the initial sections of Defendant's consumer reports. The TruAlert section is usually displayed upon a Kroll consumer report immediately below the personal identifying information and inquiry history of the credit applicant.

16. TruAlert informs the user of the consumer credit report whether the credit applicant's name is a match to the OFAC list.

17. TruAlert searches for matching records and records similar to the applicant's identifying information, including "file variations" and "AKAs."

18. Defendant warns its customers on its website that OFAC information is vital to their businesses and that they should rely upon TruAlert so that they "do not engage in transactions with 'enemies' of the United States."

19. Defendant's website also acknowledges that its consumer reports assist its customers in "making critical decisions, such as determining whether to make a mortgage or other loan, offer employment, [or] accept new tenants . . . ."

20. Defendant's procedure is to "crosscheck" only the name of the credit, employment or tenant applicant against the OFAC list.

21. Defendant does not crosscheck or otherwise attempt to match with the OFAC list any other item of the applicant's personal identifying information -- such as the applicant's date of birth, address, and social security number -- even though such identifying information is regularly supplied to Defendant at the time it is preparing a consumer report, including a TruAlert, for the applicant.

22. Further, Defendant's "name only" crosscheck does not require even an exact match between the name of the applicant and the name of any person actually on the OFAC list.

23. As a result of its very loose name only matching criteria, Defendant routinely misidentifies persons such as Plaintiff named "Joseph Gomez" with a suspected narcotics trafficker, money launderer and/or terrorist named "Gabriel Gomez Chavez," who is actually on the OFAC list.

24. Upon information and belief, Defendant also misidentifies other innocent Americans named "Gomez" with the suspected narcotics trafficker, money launderer and/or terrorist named "Gabriel Gomez Chavez." who is actually on the OFAC list.

25. Defendant's reporting of OFAC alert information is not accidental, but a result of deliberately designed policies and procedures.

B.  **The Experience Of The Representative Plaintiff**

26.  Plaintiff is but one consumer about whom Defendant sold inaccurate OFAC information which it did not disclose on his file.

27.  On or about January 17, 2012, Plaintiff applied for a home loan through the Waterstone Mortgage Corporation.

28.  On the same day, the Waterstone Mortgage Corporation ordered a consumer report known as "Residential Merged Credit Report" from Defendant concerning Plaintiff.

29.  Residential Merged Credit Report included a "TruAlert" section, which began on its very first page.

30.  Defendant's January 17, 2012 Residential Merged Credit Report about Plaintiff sold to Waterstone Mortgage Corporation identified an "AKA" record for Plaintiff allegedly similar to a record on the OFAC list.

31.  Defendant's Residential Merged Credit Report alerted Waterstone Mortgage Corporation that Plaintiff was a possible match to "Gabriel Gomez Chavez," with a date of birth August 1962, of Jalisco, Mexico, and with a U.S. social security number ending in 9593.

32.  "Gabriel Gomez Chavez" has several aliases according to the OFAC list, but not of those aliases are Joseph J. Gomez, Plaintiff's actual name.

33.  Plaintiff is not "Gabriel Gomez Chavez," or related to such a person, was not born in Mexico, never lived in Mexico, and Plaintiff is not on the OFAC list.

34.  Plaintiff provided as part of his credit application, and Defendant received, his true name, address, social security number and date of birth.

35.  Plaintiff's name does not match that of "Gabriel Gomez Chavez," or any of "Gabriel Gomez Chavez" aliases, as listed on the actual OFAC list.

36. Plaintiff's address does not match that of "Gabriel Gomez Chavez," as partially listed on the actual OFAC list.

37. Plaintiff's date of birth does not match that of "Gabriel Gomez Chavez," and in fact is more than 25 years later than the August 1962 date of birth as listed on the actual OFAC list for "Gabriel Gomez Chavez."

38. Plaintiff's social security number does not match that of "Gabriel Gomez Chavez," as listed on the actual OFAC list, and in fact differs for all nine digits with the social security number listed on the actual OFAC list for "Gabriel Gomez Chavez."

39. Nevertheless, Defendant's TruAlert product indentified Plaintiff as a possible match to the suspected narcotics trafficker, money launderer and/or terrorist named "Gabriel Gomez Chavez," who is actually on the OFAC list.

40. Upon information and belief, Defendant associated Plaintiff with the OFAC list only because one of "Gabriel Gomez Chavez" aliases is "Gonzalez Quirarte Jose."

41. Waterstone Mortgage Corporation did not offer a home loan to Plaintiff after reviewing his consumer report issued by Defendant on January 17, 2012.

42. The OFAC TruAlert information of Plaintiff's January 17, 2012 Kroll report is not true, accurate, or reliable.

43. Further, the OFAC TruAlert information of Plaintiff's January 17, 2012 Kroll report harmed Plaintiff's reputation and caused him emotional distress.

44. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

45. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action on behalf of the following Classes:

   (a) All persons residing in the United States and its Territories with the first name "Joseph" or "Jose" and the last name "Gomez" who had a consumer report sold about them by Defendant to any third party which included an OFAC record, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case; and/or

   (b) All persons residing in the United States and its Territories about whom Defendant sold a consumer report to any third party which included a TruAlert entry for Gabriel Gomez Chavez, with a date of birth August 1962 and with a U.S. social security number ending in 9593, but excluding the Mexican national Gabriel Gomez Chavez, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case.

47. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Classes number in the hundreds or thousands.

48. There are questions of law and fact common to the Class that predominate over

any questions affecting only individual Class members. The principal questions concern whether the Defendant willfully and/or negligently violated the FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of the information contained in consumers' files with respect to OFAC information.

49. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

50. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

51. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

52. Whether Defendant violated the FCRA can be easily determined by Defendant's policies and a ministerial inspection of Defendant's business records.

53. A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Class' claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be derived from Defendant's records.

## CLAIM

## COUNT I - VIOLATION OF THE FCRA § 1681e(b)

54. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

55. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for negligently and willfully failing to maintain and follow reasonable procedures to assure maximum possible accuracy of the consumer reports it sold in violation of 15 U.S.C. § 1681e(b).

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for statutory, actual and punitive damages for violation of 15 U.S.C. §1681e(b), pursuant to 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and that the Court grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

56. Plaintiff demands trial by jury on all issues.

                                  Respectfully submitted,

                                  GORDON & WOLF, CHTD

Date: September 17, 2012    BY:    /s/Martin E. Wolf
                                  Martin E. Wolf (Fed. Bar No. 09425)
                                  102 W. Pennsylvania Avenue
                                  Suite 402
                                  Towson, MD 21204
                                  (410) 825-2300 (telephone)
                                  (410) 825-0066 (facsimile)
                                  mwolf@gordon-wolf.com

                                  FRANCIS & MAILMAN, P.C.

                                  *James A. Francis
                                  *John Soumilas
                                  *David A. Searles
                                  Land Title Building, 19th Floor
                                  100 South Broad Street
                                  Philadelphia, PA 19110
                                  (215) 735-8600

                                  *Attorneys for Plaintiff*

\* *Pro Hac Vice* Applications to be submitted.